UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANE DOE NO. 62, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01480-JMS-DML |
| | ) | |
| INDIANA UNIVERSITY BLOOMINGTON, | ) | |
| BETA ALPHA SHELTER OF DELTA TAU | ) | |
| DELTA FRATERNITY, INC., | ) | |
| DELTA TAU DELTA, | ) | |
| DELTA TAU DELTA BETA ALPHA | ) | |
| CHAPTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF CERTIFICATION

During its consideration of Defendant Delta Tau Delta Beta Alpha Chapter's Motion for Summary Judgment, [Filing No. 121], the Court determined that several issues of unsettled state law control the disposition of Ms. Doe's remaining negligence claims. Accordingly, and for the reasons stated in that order, the Court hereby certifies the following questions to the Indiana Supreme Court pursuant to Indiana Rule of Appellate Procedure 64:

- Under the standard articulated in *Rogers and Goodwin*, may a court consider the actual knowledge of a defendant in determining the foreseeability of an event in the context of a duty analysis? If so, does it properly do so by framing either the class of plaintiff or the harm in terms of that knowledge?

- Under Indiana law, does a fraternity owe a duty to a female social invitee to protect her from sexual assault by a member of the fraternity during a fraternity-sponsored event?

- Does the analysis change where there is evidence that prior to the event some fraternity members were told by a third party that the fraternity member had on an earlier occasion sexually assaulted a female?
- Is the analysis impacted by evidence that the female social invitee may have been under the influence of alcohol, most of which was consumed off premises, at the time of the sexual assault?

The Clerk is directed to forward this Order of Certification to the Clerk of the Indiana Supreme Court, along with a copy of each of the following: 1. Delta Tau Delta's Motion for Summary Judgment and the non-sealed exhibits filed therewith, [Filing No. 121]; 2. Delta Tau Delta's brief in support of its Motion for Summary Judgment, [Filing No. 122]; 3. Delta Tau Delta's redacted exhibits, [Filing No. 125-1]; 4. Ms. Doe's response in opposition to the Motion for Summary Judgment and the exhibits filed therewith, [Filing No. 137]; 5. Delta Tau Delta's reply in support of its Motion for Summary Judgment, [Filing No. 143]; 6. Ms. Doe's surreply in opposition to the Motion for Summary Judgment, [Filing No. 144]. Should the Indiana Supreme Court desire access to the sealed exhibits, it may request them.

Date: 4/17/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas B. Bleich
COKINOS BOSIEN YOUNG
tbleich@cbylaw.com

N. Thomas Connally, III
HOGAN LOVELLS U.S. LLP
tom.connally@hoganlovells.com

Brian R. Drummy
BUNGER & ROBERTSON
bdrummy@lawbr.com

Erin Thornton Escoffery
TAFT STETTINIUS & HOLLISTER LLP
eescoffery@taftlaw.com

James B. Ewbank, II
COKINOS BOSIEN YOUNG
jewbank@cbylaw.com

Arick W. Fudali
HERMAN LAW
afudali@hermanlaw.com

Stephanie J. Gold
HOGAN LOVELLS U.S. LLP
stephanie.gold@hoganlovells.com

Krisel McSweeney
HERMAN LAW
kmcsweeney@hermanlaw.com

Mary Anne Pelic
BUNGER & ROBERTSON
mpelic@lawbr.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP
mterrell@taftlaw.com

Copy by U.S. Mail to:
Clerk of the Supreme Court
216 State House
200 West Washington Street
Indianapolis, IN 46204